CITY OF GRAND RAPIDS *v.* VAN ROSSUM.

NEGLIGENCE—EXCAVATIONS IN STREET—INDEMNITY.

> *Defendant, a plumber, gave bond to the city of Grand Rapids
> to save it harmless from excavations made by him in the
> streets when making connections with gas, water mains, etc.,
> and to fill and properly cover the excavations after his work
> was completed. He dug a trench across a street, and, instead
> of covering it when his work was completed, he made an
> arrangement with one Owens, who was digging a sewer
> lengthwise of the street, by which the latter agreed to take
> care of the excavation in the line of the sewer, and properly
> protect it. Defendant did not notify the city of this arrange-
> ment, or obtain permission to turn the excavation over to
> Owens. Owens failed to properly guard the opening. A
> person fell in, was injured, and recovered damages against
> the city. In a suit upon defendant's bond, *held,* that he was
> primarily liable, and could not defend by showing his agree-
> ment with Owens, although Owens had given an indemnity
> bond to the city.

Error to superior court of Grand Rapids; Newnham, J.
Submitted April 4, 1901. Decided April 16, 1901.

Debt by the city of Grand Rapids against Joseph Van
Rossum, principal, and Peter Van Rossum and Cornelius
Van Strein, sureties, upon a plumber's bond. From a
judgment for plaintiff on verdict directed by the court,
defendants bring error. Affirmed.

The defendant Joseph Van Rossum is a licensed plumber
in the plaintiff city. He gave a bond conditioned to hold
the city harmless from all loss or damage that should "be
occasioned in any way by accident or the want of care on
the part of the said Joseph Van Rossum in the prosecution
of any work he may do under and by virtue of his said
appointment, * * * or that may be occasioned by

---

* Head-note by GRANT, J.

reason of any opening by him made or caused to be made in any street, lane," etc., "and shall promptly at the proper time replace and restore the street or pavement over such openings to as good state and condition as the same was previous to and at the time of opening the same." On the 1st day of August, 1898, he dug a trench across Ottawa street for the purpose of making a water connection. By reason of this excavation being left unprotected, one Elizabeth Monje fell into it, was injured, sued the city, and recovered damages. *Monje* v. *City of Grand Rapids*, 122. Mich. 645 (81 N. W. 574). Defendant had completed the plumbing work, and had filled the ditch, except in the line of a sewer which was being dug lengthwise to Ottawa street by one Owens under a contract with the city. Owens had given a bond similar to that of defendant, to hold the city harmless. Owens' trench would cross the excavation made by the defendant, and he requested the defendant not to fill the ditch where he would cross. Defendant testified that he made an arrangement with Owens by which Owens assumed control of the trench, and promised to protect it; that, before the accident happened, Owens had reached the excavation made by the defendant; that Owens failed to protect the place, and that by reason of his failure Mrs. Monje was injured. The court directed a verdict for the plaintiff.

*R. M. Ferguson* (*James J. Danhof*, of counsel), for appellants.

*Lant K. Salsbury*, for appellee.

Grant, J. (*after stating the facts*). Defendant made the excavation. Under his bond with the city it was his duty to protect it when open, and to cover it up when his work was completed. He did not do it, but turned it over to Mr. Owens, with an agreement upon his part that he would protect it. Defendant fully understood his legal duty. He might have sought the proper authorities of the city, and relieved himself from liability by agreement

with it to turn the excavation over to Mr. Owens. He did not, however, even notify the city of his arrangement with Owens. He was primarily liable. The city is under no obligation to ascertain whether defendant or Mr. Owens was liable, or to run the risk of determining what the contract was between defendant and Owens, and of thus falling between two stools. Plaintiff knew that defendant made the excavation; that it had not been filled; that it was left unprotected, in consequence of which the city was subjected to damage. Its right to look exclusively to defendant, who was primarily liable, is undoubted. If defendant has any remedy, he must seek it against Owens.

Judgment affirmed.

The other Justices concurred.